IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FADWA FAKHURI INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF | § | |
| MICHAEL FAKHURI, RAMI FAKHURI | § | |
| AND SABRINA FAKHURI, AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF ABE FAKHURI | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:09-cv-01093 |
| V. | § | |
| | § | |
| FARMERS NEW WORLD LIFE | § | |
| INSURANCE COMPANY | § | JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff **FADWA FAKHURI** individually and as next friend of **MICHAEL FAKHURI, RAMI FAKHURI,** and **SABRINA FAKHURI**, and as representative of the estate of **ABE FAKHURI**, and files this First Amended Original Complaint complaining of Defendant, **FARMERS NEW WORLD LIFE INSURANCE COMPANY**, and for cause would show the Court the following:

I.

PARTIES

1. Plaintiff Fadwa Fakhuri individually and as next friend of Michael Fakhuri, Rami Fakhuri, and Sabrina Fakhuri, and as representative of the estate of Abe Fakhuri, is an individual residing in Harris County, Texas.

1

2. Defendant Farmers New World Life Insurance Company is a corporation doing business in Harris County, Texas and it has already been properly joined and served.

## II.

## VENUE

3. Venue and jurisdiction are proper with this court because the cause of action accrued, in whole or in part, in Harris County, Texas, and Plaintiff does not seek damages in excess of the jurisdictional limits of this Court.

## III.

## FACTS

4. Fadwa Fakhuri was married to Abe Fakhuri. During the course of their marriage they had three children; Michael Fakhuri, Rami Fakhuri, and Sabrina Fakhuri. Mr. Fakhuri passed away on July 27, 2008, leaving Fadwa Fakhuri as a representative of his estate. Prior to his death, Mr. Fakhuri was in a coma for an extended period of time and was incapacitated. Mr. Fakhuri was the holder of Farmers New World Life Insurance Company life insurance policy 007760488. Fadwa Fakhuri and her children are the designated beneficiary under the policy and the representative of Abe Fakhuri's estate.

5. On or about April 9, 2008, Defendant mailed a letter to Abe Fakhuri relating to a check which was returned for insufficient funds. Plaintiff received the letter on April 10, 2008. On April 10, 2008, the insured's insurance agent, Khalil Khalil, called the insured, and stated that he had received a letter from defendant stating that a premium payment paid by check had been returned due to insufficient funds. On April 10, the agent informed plaintiff that he needs to send defendant a check for the amount of the

purported bounced check. Abe Fakhuri then wrote a check for the amount of the previously bounced check and mailed it on April 10, 2008.

6. Additionally, on April 10, 2008, Abe Fakhuri asked plaintiff to call the insurance company directly and verify that the amount he sent would be sufficient. Plaintiff called defendants offices on April 10, 2008. During that phone call, defendant's representative told plaintiff that she needed to send a payment in the amount of $414.00 within 10 days, and that the policy was still in effect and would remain in effect as long as the premiums were received within ten days. The payment of $414.00 was sent on April 11. Plaintiff subsequently made the payments. After the insured died, Khalil Khalil informed Fadwa Fakhuri that the policy was cancelled.

7. Fadwa Fakhuri has made a claim for benefits under the policy, but Farmers New World Life Insurance Company has refused to pay the claim, to investigate the claim, and has refused to provide a copy of the policy.

IV.

VIOLATIONS OF THE TEXAS INSURANCE CODE

8. Plaintiff hereby incorporates by reference paragraphs 1-7 above as if they were reiterated herein. Farmers New World Life Insurance Company has violated Texas Insurance Code by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of plaintiff's claim. Defendant has further violated Texas Insurance Code by failing to provide a reasonable explanation of the basis in the policy for the denial of plaintiff's claim. Defendant has denied Plaintiffs' claims in bad faith. Defendant has also made false statements of material fact concerning the benefits and terms of Plaintiffs' policy. Defendant's actions constitute violations of Texas Insurance Code

Chapter 541 and 542. More specifically, defendant has violated Texas Insurance Code §542.003, 542.058, 542.051, 542.055, 542.056, 542.057, 541.003, 541.051, 541.061, 541.060

## V.

### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

9.   Plaintiff hereby incorporates by reference paragraphs 1-7 above as if they were reiterated herein. Plaintiff is a consumer as defined by the Texas Deceptive Trade Practices Act. The insurance policy at issue was purchased for Plaintiff's benefit. Defendant can be sued under the DTPA. Defendant's misrepresentations, fraud, and violations of Texas Insurance Code constitute violations of the Texas Deceptive Trade Practices Act. Further, Defendant's conduct was done knowingly and intentionally.

## VI.

### BREACH OF CONTRACT

10.   Plaintiff hereby incorporates by reference paragraphs 1-7 above as if they were reiterated herein. A valid enforceable insurance contract exists between defendant and Abe Fakhuri. Fadwa Fakhuri and her children were beneficiaries of the contract. Abe Fakhuri and Plaintiff tendered performance under the contract, but defendant refused to perform under the contract and make the required payments to the beneficiaries under the contract. Defendant also refused to provide a copy of the insurance policy. Defendant's breach of the contract caused plaintiff damages.

## VII.

### BAD FAITH

11. Plaintiff hereby incorporates by reference paragraphs 1-7 above as if they were reiterated herein. An insurance contact existed between the Abe Fakhuri and defendant, and plaintiffs were third party beneficiaries. This insurance contract created a duty of good faith and fair dealing which defendant breached when it denied payment when liability was reasonably clear and cancelled the policy without a reasonable basis. Defendant's breach proximately caused plaintiff's damages for which Plaintiff now sues. Plaintiff hereby brings a cause of action for bad faith, independent of plaintiff's claims under the Texas Insurance Code. See *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 193 (Tex. 1998); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997).

## VIII.

### PROMISSORY ESTOPPEL

12. Plaintiff hereby incorporates by reference paragraphs 1-7 above as if they were reiterated herein. Defendant made promises to Plaintiff as outlined above. Plaintiff reasonably and substantially relied on the promises to her detriment. Plaintiff's reliance was foreseeable by the defendant, and injustice can be avoided only by enforcing the defendant's promise. See *Henry Schein, Inc. v. Stromboe*, 102. S.W.3d 675, 686 (Tex.2002); *English v. Fisher*, 660 S.W.2d 521, 524 (tex. 1983); *Boy Scouts v. Responsive Terminal Sys.*, 790 S.W.3d 738, 742 (Tex.App.—Dallas 1990, writ denied).

## IX.

### DAMAGES

13. Plaintiff incorporates by reference the above paragraphs. The acts of Defendant were the direct and proximate cause of Plaintiffs' injuries. Plaintiffs have suffered financial loss, mental anguish, and have expended a substantial amount of time

in pursuing settlement of her claim. Plaintiffs seeks exemplary damages as allowed by the Texas DTPA.

## X.

### ATTORNEY FEES

14.   Plaintiff incorporates by reference the above paragraphs. Plaintiff presented Defendant with her allegations and demand, but Defendant failed to respond. Plaintiffs were forced to hire the undersigned attorney to pursue their rightful claims, and Plaintiffs agreed to pay the attorney reasonable attorney's fees for his service. Plaintiffs are entitled to recover their reasonable attorney's fees in this matter, for which Plaintiffs hereby sue.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Defendant be cited and commanded to appear and answer this lawsuit in the time and manner prescribed by law, and that upon final hearing, Plaintiffs be awarded a judgment of and against the Defendant for damages, attorneys fees, for costs of Court, for prejudgment and post judgment interest, as allowed by law, and for such any further relief to which Plaintiffs may be entitled.

Respectfully submitted,

By: _____
DANNY M. SHEENA, P.E.
State Bar No. 00792830
Federal Bar No. 19110
1001 Texas Avenue, Suite 240
Houston, Texas 77002
(713) 224-6508
(713) 225-1560 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL**
JASON P. SCOFIELD
State Bar No. 24060578
The Binz Law Center
1001 Texas Avenue, Suite 240
Houston, Texas 77002
(713) 224-6508
(713) 225-1560 Facsimile

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that conferred with Defendant's counsel, Evan McCord, on October 30, 2009, regarding the amendment of this complaint, and that Mr. McCord stated that he was opposed to the filing of this amendment unless his client consented. The undersigned counsel did not receive a different position from Defendant prior to the filing of the First Amended Complaint.

By: _____
Danny M. Sheena

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was sent via hand delivery and/or facsimile and/or certified mail, return receipt requested, to the below listed counsel on this the **30** day of October, 2009.

By: _____
Danny M. Sheena

Deana F. Tillotson
Dristin A. McLaurin
Evan J. McCord
Bracewell & Giuliani, LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 223-2300
(713) 221-1212
**Attorneys for Defendant Farmers
New World Life Insurance Company**