IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FADWA FAKHURI, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-09-1093 |
| § | |
| FARMERS NEW WORLD LIFE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Before the Magistrate Judge upon referral from the District Judge is Fakhuri's Rule 36(b) Motion to Amend Certain Responses to Requests for Admissions (Document No. 62), in which Plaintiff Fadwa Fakhuri seeks to change her response to Request for Admission 1. Having considered the motion, Defendant's response in opposition, the claims and issues in this case, and the current Scheduling Order, Plaintiff's motion is, for the reasons set forth below, DENIED.

In response to Request for Admission 1, which asked Plaintiff to "Admit that the Insured died on July 28, 2008," Plaintiff Fadwa Fakhuri responded "Admit". That response was provided by Plaintiff Fadwa Fakhuri on July 30, 2009. Consistent with that response to Request for Admission 1, Plaintiff Fadwa Fakhuri testified at her deposition that her husband, Abe Fakhuri, died on July 27, 2008. *See* Exhibit B to Document No. 76 at P. 126 ("Q: What day did he die? A: July 27.").

Plaintiff filed her motion seeking to amend her response to Request for Admission 1 on August 18, 2010, over a year after the admission was made. She seeks to amend her response to Request for Admission 1 as follows: "Admit that life support machines were disconnected on July 27,

2008. However, I am not a medical doctor, nor a legal expert, and cannot determine when legal death occurred."

Plaintiff Fadwa Fakhuri argues that an amendment of Request for Admission 1 is warranted because: (1) the admission was made early in the litigation before she understood or appreciated that "under Texas law, the legal definition of when death occurred was different from when life support systems are withdrawn"; (2) the determination of when death occurred is a legal question that has been extensively briefed by both sides, and therefore Defendants would not prejudiced by the proposed amendment; (3) Defendants have had ample opportunity to conduct discovery on the cause and date of Abe Fakhuri's death; and (4) the admission was made only by Plaintiff Fadwa Fakhuri, and does not bind the other Plaintiffs in this case. Defendant, in response to the motion, argues that it has relied on Plaintiff Fadwa Fakhuri's response to Request for Admission 1 in its defense of this case, the proposed amendment would fundamentally alter the nature of this case, and the proposed amendment comes too late, a mere two months prior to the scheduled trial.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, allowing a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the [general scope of discovery] relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a). The Rule provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.... A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.... [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the

court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

FED. R. CIV. P. 36.

The purpose of the rule is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2252 (2d ed. 1994); *see also Pickens v. Equitable Life Assurance Soc'y*, 413 F.2d 1390, 1393 (5th Cir. 1969). "Rule 36(b) simultaneously emphasizes the importance of resolving an action on the merits while at the same time upholding a party's justified reliance on an admission in preparation for trial." *Altman v. Ingersoll-Rand Co.*, No. 05-956, 2008 WL 596066, at *3 (W.D. Pa. March 4, 2008).

Under Rule 36, two factors are considered in determining whether to allow a withdrawal or amendment of an admission: (1) whether the withdrawal or amendment would promote the presentation of the merits of the action; and (2) whether allowing the withdrawal would prejudice the party that obtained the admission. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed. Appx. 169, 173 (4th Cir. 2005). With respect to the first factor, consideration is given to whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, whether the admission is contrary to the record of the case, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error. *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. May 6, 2007) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *N. La. Rehab. Ctr. Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D. La. 2001); *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658-59 (E.D.N.C. 1988)); *see also Smith v. First*

*Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988); *Harmless v. Elec. Control Sec., Inc.*, No. 1:07-cv-146-SEB-WTL, 2008 WL 686999, at *1 (S.D. Ind. March 10, 2008) (allowing defendants who responded to requests for admission one month late to withdraw their deemed admissions in part because there was "no question that allowing the Defendants to withdraw their admissions would promote the presentation of the merits of this case" and otherwise "the Defendants essentially will be prohibited from disputing the Plaintiff's claims on the merits"); *Altman*, 2008 WL 596066, at *3 ("[C]ourts generally seek to ascertain whether the admission is contrary to the evidence of record."). As for the second factor, consideration is given to whether withdrawal or amendment would prejudice the requesting party in maintaining or defending the action on the merits. "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). Losing "the benefit of not having to prove [a] case on the merits ... is not the type of prejudice that satisfies Rule 36(b)." *Harmless*, 2008 WL 686999, at *1. "Indeed, inasmuch as allowing a party to withdraw an admission will by its very nature always require the other party to prove something that he otherwise would not have had to prove, that alone cannot be sufficient prejudice to satisfy Rule 36(b)." *Id.*; *see also Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (finding that a party is not prejudiced by the increased expenses caused by the need for additional discovery to replace withdrawn admissions). "The prejudice contemplated by the Rule ... relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002).

"[E]ven when Rule 36(b)'s two-factor test has been satisfied, the district court 'still has discretion to deny a request to withdraw or amend an admission.'" *Le*, 2007 WL 715260, at *2 (quoting *Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001)); *see also Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 Fed. Appx. 247, 248 (5th Cir. 2006) (quoting *Carney v. IRS*, 258 F.3d at 419) ("Even when the party seeking to withdraw or amend admissions establishes the two-factor test set forth under Rule 36(b), 'a district court still has discretion to deny a request for leave to withdraw or amend an admission.' "); *Am. Auto.*, 930 F.2d at 1119 ("[W]hile the district court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test."). The Fifth Circuit has "determined that a court acts within its discretion in considering the fault of the party seeking withdrawal ... or its diligence in seeking withdrawal." *Le*, 2007 WL 715260, at *2 (citing *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969) and *Covarrubias*, 192 Fed. Appx. at 248, respectively); *see also Carlson v. Freightliner LLC*, 226 F.R.D. 343, 361 (D.Neb. 2004) (the court may consider "[t]he presence of improper conduct by the party moving to withdraw or amend an admission, and that party's lack of reasonable explanation for untimely discovery responses.").

Here, having carefully considered both sides' arguments, the history of this case, and the current docket call setting of October 22, 2010, just over a month away, it can only be concluded that Defendant would be significantly prejudiced by an amendment to Request for Admissions 1. Defendants have relied on the admission and there is other evidence in the record that is consistent with the admission. In addition, while Plaintiff Fadwa Fakhuri may not have appreciated the effect of her response to Request for Admission 1 at the time it was made, she and her counsel should have

appreciated the effect of that response well before Plaintiff filed her motion to amend her response to Request for Admission 1. Granted, Plaintiff did not receive responses to Dr. Samaha's deposition on written questions until early June, 2010. Plaintiff, however, waited over two months after receiving those responses before she filed her motion. That delay, in and of itself, is unreasonable and unjustified, particularly given the clarity of Plaintiff Fadwa Fakhuri's response to the Request for Admission, and her consistent statements in her complaint and her deposition testimony as to the date of Abe Fakhuri's death. Given the extreme prejudice to Defendant, as well as Plaintiff's insistence that the date of Abe Fakhuri's death is a legal question for the Court to decide, an insistence that weighs against Plaintiff's professed need to amend Request for Admission 1, it is

ORDERED that Fakhuri's Rule 36(b) Motion to Amend Certain Responses to Requests for Admissions (Document No. 62) is DENIED.

Signed at Houston, Texas, this 16th day of September, 2010.

Frances H. Stacy
United States Magistrate Judge